# Exhibit A

Insurance Commissioner
ACCEPTED SOP

NOV 13 2023

TIME: 2 PM

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR CLARK COUNTY

| | |
|---|---|
| TIDEWATER HOLDINGS, INC. AND TIDEWATER BARGE LINES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> XL INSURANCE COMPANY SE, as successor to LA RÉUNION FRANÇAISE, <br><br> Defendant. | NO. 23-2-02520-06 <br><br> SUMMONS |

**THE STATE OF WASHINGTON, TO:** Defendants, above named.

**TO THE DEFENDANTS:** A lawsuit has been started against you in the above-entitled court by Plaintiffs Tidewater Holdings, Inc. and Tidewater Barge Lines, Inc. Plaintiffs' claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 60 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what

SUMMONS - 1

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

**THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 27th day of September, 2023.

                **GORDON TILDEN THOMAS & CORDELL LLP**
                Attorneys for Plaintiff

                By *s/Brendan Winslow-Nason*
                     Brendan Winslow-Nason, WSBA #39328
                     Matthew F. Pierce, WSBA #34019
                     600 University Street, Suite 2915
                     Seattle, Washington 98101
                     206.467.6477
                     bwinslow-nason@gordontilden.com
                     mpierce@gordontilden.com

Insurance Commissioner
ACCEPTED SOP
NOV 13 2023
TIME: 2 PM

E-FILED
11-08-2023, 13:58
Scott G. Weber, Clerk
Clark County

## SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR CLARK COUNTY

| | |
|---|---|
| TIDEWATER HOLDINGS, INC. and TIDEWATER BARGE LINES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> XL INSURANCE COMPANY SE, as successor to LA RÉUNION FRANÇAISE, <br><br> Defendant. | NO. 23-2-02520-06 <br><br> FIRST AMENDED COMPLAINT FOR BAD FAITH BREACH OF DUTY TO PAY DEFENSE EXPENSES |

Plaintiffs Tidewater Holdings, Inc. and Tidewater Barge Lines, Inc. ("Tidewater"), allege as follows:

### I. INTRODUCTION

1.1. **Summary of Action.** This is an action for declaratory judgment, breach of contract, bad faith, and statutory damages, seeking:

 (a) A declaration of the rights and duties of Tidewater and XL Insurance Company SE under insurance policies sold to Tidewater by La Réunion Française;

FIRST AMENDED COMPLAINT FOR BAD FAITH
BREACH OF DUTY TO PAY DEFENSE EXPENSES - 1

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

    (b) Damages for breach of XL Insurance Company SE's contractual duties under the Policies;

    (c) Damages for XL Insurance Company SE's bad faith and violations of the Unfair Settlement Practices Regulations and the Washington Consumer Protection ("WCPA"), including actual, compensatory, and multiplied damages;

    (d) Pre- and post-judgment interest; and

    (e) All attorneys' fees and costs incurred by Tidewater in asserting this coverage claim and prosecuting this action, pursuant to Washington statutes and the rule in *Olympic Steamship Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and its progeny.

## II. PARTIES

2.1.   **Plaintiff Tidewater Holdings, Inc.** Tidewater Holdings, Inc. is a holding company incorporated under the laws of Delaware, with its principal place of business in Vancouver, Washington. Tidewater Holdings, Inc. is the parent company of Plaintiff Tidewater Barge Lines, Inc.

2.2.   **Plaintiff Tidewater Barge Lines, Inc.** Tidewater Barge Lines, Inc. ("Tidewater Barge") is a subsidiary of Tidewater Holdings, Inc. Tidewater Barge is incorporated under the laws of Oregon, with its principal place of business in Vancouver, Washington.

2.3.   **Defendant XL Insurance Company SE ("XL").** Defendant XL Insurance Company SE ("XL") is a foreign corporation organized under Irish law, with its headquarters in Dublin, Ireland. XL is the successor-in-interest to La Réunion Française ("La Réunion"), which

FIRST AMENDED COMPLAINT FOR BAD FAITH
BREACH OF DUTY TO PAY DEFENSE EXPENSES - 2

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

issued insurance policies to Tidewater Barge Lines, Inc. in the state of Washington. La Réunion was at all relevant times engaged in the business of insurance in the state of Washington.

### III. JURISDICTION AND VENUE

3.1.  **Jurisdiction.**  This Court has subject matter jurisdiction under RCW 2.08.010 and RCW 7.24.010. It has personal jurisdiction under Washington's long-arm statute, RCW 4.28.185, because La Réunion contracted to insure Tidewater, which is a Washington-based corporation that has property and risks located in Washington. La Réunion was later absorbed into AXA Corporate Solutions Assurance, which in turn was absorbed into XL Insurance Company SE in 2019, following the merger of the XL Group and AXA Group in 2018. XL is subject to successor jurisdiction having succeeded to the interests of La Réunion. Exercising jurisdiction over XL also comports with due process because XL, by succeeding to the interests of La Réunion, satisfies the minimum contacts with the state of Washington such that exercising jurisdiction over XL will not offend traditional notions of fair play and substantial justice.

3.2.  **Venue.**  Venue is proper before this Court pursuant to RCW 48.05.220, which provides: "Suits upon causes of action arising within this state against an insurer upon an insurance contract shall be brought in the county where the cause of action arose." It is also proper under RCW 4.12.025.

### IV. INSURANCE POLICIES

4.1.  **The Policies.**  During the period from at least 1978 through 1990, La Réunion, in consideration of premiums paid by Tidewater, subscribed to percentage shares of certain Marine Package Policies sold to Tidewater ("Policies"). The Policies issued to Tidewater each provide Protection & Indemnity (P&I) Coverage, which provides defense and indemnity coverage for "all such loss and/or damage and/or expense as the Assured shall as owners of the vessel named

FIRST AMENDED COMPLAINT FOR BAD FAITH
BREACH OF DUTY TO PAY DEFENSE EXPENSES - 3

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

herein have become liable to pay and shall pay on account of the liabilities, risks, events and/or happenings herein set forth…" The enumerated "liabilities, risks, events and/or happenings" expressly include liability for damage to harbors, statutory fines and penalties, and the defense costs associated therewith. Several of the Policies also provide Miscellaneous Marine Liability Coverage, which cover Tidewater's marine operations for the sudden and accidental discharge of pollutants, as well as the defense costs associated therewith. The Policies impose upon La Réunion a duty to pay Tidewater's legal fees and costs as they are incurred in defense of covered liabilities. The Policies are listed in Appendix A of this Complaint and are fully incorporated by reference herein. Appendix A includes only the insurance policies subscribed to by La Réunion, its predecessors, and/or affiliates as described above.

4.2. **Other Policies.** Upon information and belief, the Policies may include insurance policies in addition to those specified above and in Appendix A. Tidewater's claims in this matter extend to any and all such additional policies as may become known to Tidewater during the course of this litigation.

## V. FACTUAL ALLEGATIONS

5.1. **Tidewater's Historical Operations.** Tidewater is headquartered in Vancouver, Washington. It is the largest inland marine transportation company west of the Mississippi River. Tidewater has historically operated vessels in the inland river systems of the Pacific Northwest of the United States. This includes the inland river systems located in an area known as the Portland Harbor, in Oregon, where Tidewater's operations date back to at least 1937. Since that time, Tidewater's operations in the Portland Harbor included, but were not limited to, maintenance and repair work, as well as the shipping and/or pumping of grain, refined

FIRST AMENDED COMPLAINT FOR BAD FAITH
BREACH OF DUTY TO PAY DEFENSE EXPENSES - 4

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

petroleum, wood products, liquid fertilizers, and other containerized freight to and from its vessels, barges, and tugs.

5.2. **The Portland Harbor Superfund Site.** In 2000, the US Environmental Protection Agency ("EPA") designated the Portland Harbor as a "Superfund Site" under the Comprehensive Environmental Response, Compensation, and Liability Act (commonly referred to as "CERCLA"). The Portland Harbor Superfund Site involves an 11-mile stretch of the Willamette River in Portland, Oregon. River sediments are contaminated with a wide variety of hazardous substances, including polychlorinated biphenyls (PCBs), polycyclic aromatic hydrocarbons (PAHs), dioxins/furans, pesticides, and heavy metals. The EPA attributes Site contamination to hundreds of industrial operations that have been in existence over the past century within aquatic and upland portions of the lower Willamette River.

5.3. **The Underlying Claims & Liabilities.** On April 23, 2009, Tidewater was named as a defendant by a group of potentially responsible parties (PRPs) at the Portland Harbor Superfund Site in the lawsuit *Arkema Inc., et al. v. A&C Foundry Products, Inc., et al.*, Case No. 09-cv-453, which is pending in federal district court in Oregon (the "Lawsuit"). The PRPs seek to hold Tidewater liable for environmental pollution at the Superfund Site arising from the marine operations and vessel movements of Tidewater and its predecessors, alleging that Tidewater is a liable person under CERCLA, 42 U.S.C. § 9607(a), and under Oregon law, O.R.S. 465.255(1), for releases or threatened releases of hazardous substances at the Portland Harbor. The PRPs seek contribution, recovery of costs, and equitable allocation under federal and state law. Shortly after the Lawsuit was filed, the case was stayed pending completion of a robust private, confidential, non-judicial allocation process, which Tidewater joined as an Auditing Party in 2019. Meanwhile, the EPA served a CERCLA Section 104(e) information request on

FIRST AMENDED COMPLAINT FOR BAD FAITH
BREACH OF DUTY TO PAY DEFENSE EXPENSES - 5

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Tidewater, which Tidewater responded to on December 19, 2012. As a result of the foregoing, Tidewater has incurred, and will continue to incur, defense costs and expenses in defense of covered liabilities at the Portland Harbor Superfund Site.

5.4. **Occurrences or Accidents During Policy Periods.** Tidewater's alleged liability at the Portland Harbor Superfund Site arises out of alleged occurrences or accidents that took place during the effective period of the Policies.

5.5. **Property Damage During the Effective Period of the Policies.** Tidewater's alleged liabilities, and the defense costs Tidewater has incurred in connection therewith, arise from alleged property damage at the Portland Harbor Superfund Site caused by Tidewater's insured vessels and marine operations that occurred during the effective period of the Policies. Tidewater's alleged liabilities and its defense costs associated therewith are covered under the Policies.

5.6. **Conditions Precedent.** All conditions precedent to the recovery under the Policies have been satisfied or discharged by operation of law.

5.7. **La Reunion's Initial Agreement to Reimburse Tidewater for its Defense Costs.** Tidewater sent La Réunion Françoise (c/o AXA Reinsurance) a Notice of Lost Policies and Tender, requesting that La Réunion initiate a lost policy search and reimburse Tidewater for its past and future defense expenses at the Portland Harbor Superfund Site. On June 1, 2022, La Réunion sent Tidewater a reservation of rights stating that it "agrees to reimburse Tidewater for a portion of certain defense costs incurred by Tidewater in defending against the Portland Harbor Claims, severally and not jointly, subject to its several subscribing share under each of the P&I Policies."

FIRST AMENDED COMPLAINT FOR BAD FAITH
BREACH OF DUTY TO PAY DEFENSE EXPENSES - 6

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

5.8. **La Réunion's Sudden Reversal of Its Coverage Position.** After La Réunion agreed to reimburse Tidewater for its defense expenses under the Policies, Tidewater provided La Réunion over the next year with the necessary documentation of its alleged liability and covered defense expenses and repeatedly requested reimbursement from La Réunion regarding the same. Tidewater demanded reimbursement for past defense expenses totaling $11,511.87 and demanded that La Réunion contribute 2.08 percent to allocated future defense expenses. La Réunion never reimbursed Tidewater for any of its defense expenses under the Policies. Instead, La Réunion sent Tidewater an email on September 6, 2023 asserting for the first time that the Policies did not provide any coverage for Tidewater's claims. None of the rationale in La Réunion's email on September 6, 2023 was included in its previous reservation of rights letter.

5.9. **La Reunion Breached Duties Owed to Tidewater.** By refusing to defend and/or indemnify Tidewater for its underlying liabilities at the Portland Harbor Superfund Site, La Réunion breached its contractual duties to Tidewater under the Policies, and breached extracontractual duties owed to Tidewater under Washington's statutes, codes, and common law.

5.10. **La Réunion's Breaches Have Damaged Tidewater.** La Réunion's breaches of contract and extracontractual violations have damaged Tidewater in an amount to be proven at trial.

### VI. FIRST CAUSE OF ACTION—DECLARATORY JUDGMENT

6.1. **Incorporation by Reference.** Tidewater re-alleges and incorporates by reference the preceding paragraphs.

6.2. **This Case Presents an Actual and Justiciable Controversy.** Tidewater seeks a declaratory judgment that: (a) Tidewater's alleged liabilities at the Portland Harbor Superfund Site are covered under the Policies; (b) La Réunion breached the Policies and various insurance

FIRST AMENDED COMPLAINT FOR BAD FAITH
BREACH OF DUTY TO PAY DEFENSE EXPENSES - 7

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

claims handling regulations and statutes, including by improperly and unreasonably refusing to reimburse Tidewater for its covered defenses expenses; (c) La Réunion's breach entitles Tidewater to coverage by estoppel; and (d) La Réunion is liable to Tidewater for actual and consequential damages.

6.3. **Estoppel.** A real and justiciable controversy exists over whether La Réunion is estopped from denying coverage based on defenses and reasoning that was never set forth in its initial reservation of rights letter on June 1, 2022. A real and justiciable controversy also exists to the extent La Réunion attempts to add to or change the basis of its coverage denial on September 6, 2023. These estoppel principles are addressed, *inter alia*, in *Vision One v. Philadelphia Indem. Ins. Co.*, 174 Wn.2d 501 (2012), *Ledcor Indus. (USA) Inc. v. Virginia Sur. Co., Inc.*, 2012 WL 223904 (W.D. Wash. Jan. 25, 2012), and *Karpenski v. Am. Gen. Life. Co., LLC*, 999 F. Supp. 2d 1235 (W.D. Wash. 2014). Tidewater seeks a declaratory judgment that La Réunion is estopped from adding to or changing the basis for its coverage position and/or denial of coverage.

### VII. SECOND CAUSE OF ACTION—BREACH OF CONTRACT

7.1. **Incorporation by Reference.** Tidewater re-alleges and incorporates by reference the preceding paragraphs.

7.2. **Breach of the Policies.** La Réunion breached the Policies by declining to provide defense coverage against Tidewater's alleged liabilities at the Portland Harbor Superfund Site, which are covered by the Policies.

7.3. **Damages.** As a direct and proximate result of La Réunion's breaches, Tidewater has suffered damages in an amount to be proven at trial.

FIRST AMENDED COMPLAINT FOR BAD FAITH
BREACH OF DUTY TO PAY DEFENSE EXPENSES - 8

GORDON  | 600 University Street
TILDEN  | Suite 2915
THOMAS  | Seattle, WA 98101
CORDELL | 206.467.6477

# VIII. THIRD CAUSE OF ACTION—INSURANCE BAD FAITH AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

8.1. **Incorporation by Reference.** Tidewater re-alleges and incorporates by reference the preceding paragraphs.

8.2. **Duty of Good Faith and Fair Dealing.** La Réunion owed Tidewater a duty of good faith and fair dealing. Pursuant to that duty, La Réunion was obliged to refrain from denying coverage based on an unreasonable, frivolous, or unfounded interpretations of the Policies. La Réunion was also required to deal fairly with Tidewater and give equal consideration to (and not put their own interests ahead of) Tidewater's financial interests.

8.3. **La Réunion Acted in Bad Faith.** La Réunion breached its duty of good faith and fair dealing by declining to provide defense coverage for Tidewater's alleged liabilities at the Portland Harbor Superfund Site based on unreasonable, frivolous, and/or unfounded interpretations of the Policies. La Réunion further acted in bad faith through its unreasonably delay and sudden reversal of its coverage position over a year after La Réunion agreed to provide coverage for Tidewater's alleged liabilities.

8.4. **Damages.** As a direct and proximate result of this conduct, Tidewater has suffered damages in an amount to be proven at trial.

# IX. FOURTH CAUSE OF ACTION—VIOLATION OF THE UNFAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS AND THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86

9.1. **Incorporation by Reference.** Tidewater re-alleges and incorporates by reference the preceding paragraphs.

FIRST AMENDED COMPLAINT FOR BAD FAITH
BREACH OF DUTY TO PAY DEFENSE EXPENSES - 9

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

9.2. **Unfair Claims Settlement Practices.** La Réunion violated WAC 284-30 *et. seq.* through the conduct described above. This includes, but is not limited to, violations of WAC 284-30-330 and WAC 284-30-930.

9.3. **WCPA Violations.** Violations of these WAC provisions are *per se* violations of the Washington Consumer Protection Act (WCPA), RCW 19.86, entitling Tidewater to exemplary damages, attorney fees, and costs. La Réunion also committed *non-per se* violations of the WCPA.

9.4. **Damages.** As a direct and proximate result of this conduct, Tidewater has suffered damages in an amount to be proven at trial.

## X. FIFTH CAUSE OF ACTION—VIOLATION OF THE INSURANCE FAIR CONDUCT ACT, RCW 48.30

10.1. **Incorporation by Reference.** Tidewater re-alleges and incorporates by reference the preceding paragraphs.

10.2. **Tidewater's IFCA Notice.** On September 27, 2023, Tidewater sent a 20-day notice under Washington's Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015, to La Réunion, who has not reimbursed Tidewater for any of its defense expenses. The issues raised in Tidewater's IFCA Notice and related causes action have not been resolved within the 20-day notice period under IFCA.

10.3. **Violations of IFCA.** XL has unreasonably denied Tidewater's claims for coverage and/or payment of benefits and has violated IFCA and WAC 284-30 *et. seq.* as described above. XL's actions and omissions entitle Tidewater to actual, compensatory, and multiplied damages, attorney fees, and costs.

FIRST AMENDED COMPLAINT FOR BAD FAITH
BREACH OF DUTY TO PAY DEFENSE EXPENSES - 10

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

10.4. **Damages.** As a direct and proximate cause of this conduct, Tidewater has suffered damages in an amount to be established at trial.

## XI. PRAYER FOR RELIEF

WHEREFORE, Tidewater asks the Court to enter judgment against XL as follows:

A. Enter a declaratory judgment as stated;

B. Enter a monetary judgment against XL in the amount Tidewater will prove;

C. Award Tidewater its costs, disbursements, and attorney fees, including reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), RCW 19.86.090, IFCA, and for bad faith;

D. Otherwise award Tidewater its attorney fees and costs;

E. Award pre- and post-judgment interest;

F. Award enhanced damages pursuant to RCW 19.86.090 and IFCA; and

G. Award such other relief as is just, equitable, and proper.

DATED this 8th day of November, 2023.

**GORDON TILDEN THOMAS & CORDELL** LLP
Attorneys for Plaintiff

By  s/ *Brendan Winslow-Nason*
  Brendan Winslow-Nason, WSBA #39328
  Matthew F. Pierce, WSBA #34019
  600 University Street, Suite 2915
  Seattle, Washington 98101
  206.467.6477
  bwinslow-nason@gordontilden.com
  mpierce@gordontilden.com

FIRST AMENDED COMPLAINT FOR BAD FAITH
BREACH OF DUTY TO PAY DEFENSE EXPENSES - 11

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

## APPENDIX A

| Insurer | Policy (Insurer Policy Number) | Policy Start Date | Policy End Date | Subscribing Share | Per Occurrence Limit |
|---|---|---|---|---|---|
| La Réunion Françoise | G/S 80-12 (MLHO-80-044) | 12/28/1980 | 12/28/1981 | 12.50% | $500,000 |
| La Réunion Françoise | G/S 81-14 (MLH0-81-048) | 12/28/1981 | 12/28/1982 | 12.50% | $500,000 |
| La Réunion Françoise | G/S 85-21 (MHO 50 033) | 12/28/1985 | 12/28/1986 | 12.50% | $1,000,000 |
| La Réunion Françoise | G/S 87-28 (HO70005) | 12/28/1987 | 12/28/1988 | 16.25% | $1,000,000 |

FIRST AMENDED COMPLAINT FOR BAD FAITH
BREACH OF DUTY TO PAY DEFENSE EXPENSES - 12

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477